14-1353-cv
U.S. Underwriters Ins. Co. v. 101-19 37th Avenue LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of March, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
                     *Circuit Judges*.
             KATHERINE POLK FAILLA,[1]
                     *District Judge*.

_____

U.S. UNDERWRITERS INSURANCE COMPANY,

        *Plaintiff - Counter-Defendant - Counter-Claimant - Appellee*,

                v.                                          14-1353-cv

101-19 37TH AVENUE LLC, FEREYDOUN POURATIAN,

        *Defendants - Counter-Claimants - Counter-Defendants – Appellants*.[2]

_____

Appearing for Appellant:     Jonathan A. Dachs, Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY.

---

[1] The Honorable Katherine Polk Failla, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellee:     Steven Verveniotis (Miranda Sambursky, *on the brief*) Slone
                            Sklarin Verveniotis LLP, Mineola, NY.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED** and **REMANDED**.

101-19 37th Avenue LLC and Fereydoun Pouratian (together, "101-19") appeal from the March 27, 2014 memorandum and order of the United States District Court for the Eastern District of New York (Irizarry, *J.*) declaring U.S. Underwriters Insurance Company was not obligated to defend and indemnify them in a state court action arising out of a bodily injury that occurred at their premises. *U.S. Underwriters Ins. Co. v. 101-19 37th Ave. LLC*, No. 12-cv-3062 (DLI)(MDG) 2014 WL 1277888 (E.D.N.Y. March 27, 2014). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's interpretation of the terms of an insurance agreement de novo, as it presents a question of law. *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012). Under New York law, a court begins by "look[ing] to the language of the policy," and the court must "construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect." *Platek v. Town of Hamburg*, 24 N.Y.3d 688, 693-94 (2015) (citation and emphasis omitted). The "insurer bears the burden of proving that an exclusion applies." *Ment Bros. Iron Works Co. Inc. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 121 (2d Cir. 2012) (citing *Consol. Edison Co. of N.Y. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 218 (2002)).

The exclusion at issue here barred coverage for any injury "arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by" a "contractor, subcontractor or 'employee', 'volunteer worker', 'temporary worker' or 'casual laborer' of such contractor or subcontractor." *U.S. Underwriters*, 2014 WL 1277888, at * 7. The words "contractor" and "subcontractor" are not defined in the policy at issue. As a result, we are unable to determine whether Feldman Lumber, the employer of the injured party, is a "contractor" or "subcontractor" within the meaning of the exclusion. For instance, it is unclear whether either term is meant to encompass any party to a contractual agreement, or if it is limited to one who provides goods as well as services. *See Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 652 (1993) ("To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case[.]"). Similarly, we are unable to determine on this record whether Feldman Lumber provided any service to any of the defendants. We therefore cannot sustain on appeal a finding that the exclusion's provision governing bodily injuries "to any 'employee' . . . of any contractor or subcontractor" bars coverage in this instance. *U.S. Underwriters*, 2014 WL 1277888, at * 2.

The district court relied on *Atlantic Cas. Ins. Co. v. W. Park Assocs., Inc.*, 585 F. Supp. 2d 323, 325–27 (E.D.N.Y. 2008) to support its analysis. While the district court correctly

2

observed the fact pattern in *Atlantic Casualty* is substantially similar to the fact pattern here, it overlooked that the policy language at issue in *Atlantic Casualty* is substantially different from the policy language at issue here. The policy in *Atlantic Casualty* excluded coverage for injuries "arising out of the actions of independent contractors/subcontractors for or on behalf of any insured." 585 F. Supp. 2d at 326. In that case, the court reasoned that because the employee would not have been injured but for the subcontractor hiring the supplier to provide sheet rock, coverage was excluded. *Id*. at 326. Here, however, the policy language is not as expansive, and a necessary predicate for the exclusion at issue here is that the injured party be an employee of a contractor or subcontractor.

Left unaddressed by the district court was 101-19's argument that U.S. Underwriters could not rely on the "casual laborer" language in the exclusion for failure to provide timely notice of its intent to disclaim. In addition, U.S. Underwriters did not raise before the district court the issue of whether the exclusion applies to the loss of consortium claim.[3] We therefore remand for the district court to consider these issues in the first instance. On remand, the district court is directed to determine (1) whether U.S. Underwriters timely and adequately disclaimed based on the exclusion's "casual laborer" provision; (2) if so, does the provision apply here; and (3) what, if any, obligations U.S. Underwriters has under the policy for the loss of consortium claim.

Accordingly, the order of the district court hereby is VACATED and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Although not raised before the district court, this claim has not been waived. "[W]here the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions), the doctrine of waiver is simply inapplicable." *Albert J. Schiff Assocs., Inc. v. Flack*, 51 N.Y.2d 692, 698 (1980).

3